IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHIEN AMEIN PHILLIPS, SR.,** | : | |
|     **Plaintiff** | : | No. 1:23-cv-01803 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| **MS. WILSON, et al.,** | : | |
|     **Defendants** | : | |

**MEMORANDUM**

Plaintiff Rashien Amein Phillips, Sr. ("Plaintiff") is a former convicted and sentenced state prisoner who currently resides in Harrisburg, Pennsylvania. (Doc. No. 1 at 2.) While he was in the custody of the Pennsylvania Department of Corrections and incarcerated at State Correctional Institution Huntingdon in Huntingdon, Pennsylvania ("SCI Huntingdon"), he commenced the above-captioned action by filing a form complaint pursuant to, presumably, the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting that he was falsely imprisoned. (Id. at 12.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint, but without prejudice to him filing an amended complaint.

**I.    BACKGROUND**

On October 31, 2023, Plaintiff filed his form complaint against the following individuals: Patti A. Sites ("Sites"), the acting clerk of court at the Court of Common Pleas of Dauphin County, Pennsylvania; Ms. Wilson ("Wilson"), a records specialist at SCI Huntington; and two (2) unidentified records specialists, one at SCI Smithfield and one at SCI Camp Hill. (Id. at 2–

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996).

3.)  In addition to his complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis.  (Doc. No. 2.)  The Court, having reviewed Plaintiff's motion, will grant him leave to proceed in forma pauperis and will deem his complaint filed.  In his complaint, Plaintiff asserts the following allegations:

> [Plaintiff] was charge [sic] and incarcerated on the date of 09/17/2019 thru [sic] 11/06/2019[, and] was released on bail [on] 11/06/2019 to finish a sentence in York County Prison. On the date of 01/17/2020 thru [sic] 01/24/2020[,] [Plaintiff] was place [sic] in Dauphin County Prison [pursuant to the criminal docket of CP-22-CR-0005260-2019 for a] total of 55 days waiting for trial. Plaintiff was placed back into York County Prison custody on [the] date of 01/24/2020 to finish a sentence in York County Prison.  On the date of 02/21/2020 thru 02/27/2020[,] [Plaintiff] was placed into Dauphin County Prison on [the aforementioned docket for a] total of 61 days of time serv [sic]. [Plaintiff] was placed back into York County Prison custody to finish a docket, once finish [sic] an [sic] release from York County Prison. [Plaintiff's] bail was revote [sic] on 12/23/2021 thru [sic] 09/23/2021 [for] a total of 331 days. That should bring [Plaintiff's] maximum date for the [aforementioned docket] to the date of October 22, 2023.

(Doc. No. 1 at 4.)  In connection with these allegations, Plaintiff claims that, as of October 22, 2023, he is being falsely imprisoned under criminal docket CP-22-CR-0005260-2019. (Id. at 12.)  As a result, he requests that he be awarded monetary damages "for any extra days" of incarceration following October 22, 2023, and that his criminal docket be closed.  (Id.)

Included within Plaintiff's complaint are the following documents: (1) a letter from the Dauphin County Prison Records Department, setting forth his dates of "last confinement" under docket CP-22-CR-0005260-2019 (id. at 5); (2) a sentencing order issued in the Court of Common Pleas of Dauphin County, Pennsylvania on September 23, 2022 (id. at 6); (3) an untitled document setting forth a sentence computation for docket CP-22-CR-0005260-2019 (id. at 7); (4) handwritten paperwork addressed to Defendant Wilson and allegedly distributed to Defendants Wilson and Sites wherein Plaintiff asserts that he is entitled to time credit for docket

2

CP-22-CR-0005260-2019 (id. at 8–10); and (5) a DOC inmate request to staff member form, which Plaintiff submitted to Defendant Wilson while in DOC custody (id. at 11).

However, Plaintiff's complaint does not indicate the federal legal basis for his claims. (Id. at 1 (containing the "NATURE OF COMPLAINT" section of his form complaint, which does not indicate whether it is a civil rights action under Section 1983 or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), or a negligence action under the Federal Tort Claims Act, 28 U.S.C. § 1346).)  Nevertheless, based upon Plaintiff's allegations and request for relief, the Court liberally construes his pro se complaint as asserting an Eighth Amendment claim pursuant to Section 1983.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit ("Third Circuit") has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner

4

litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

III.   DISCUSSION

   A.   **Plaintiff's Release from Incarceration**

As a preliminary matter, the Court notes that, at the time Plaintiff filed his complaint, he was in DOC custody and incarcerated at SCI Huntingdon.  (Doc. No. 1 at 2, 14.)  Since that time, however, Plaintiff has been released from DOC custody and is currently residing in Harrisburg, Pennsylvania.  See (Doc. No. 7 at 1 (containing Plaintiff's notice of change of address wherein he explains that, "[a]s of 12/27/23[,]" all paperwork should be sent to his new address in Harrisburg, Pennsylvania)).  In addition, although Plaintiff's complaint asserts allegations that he was being unlawfully imprisoned as of October 22, 2023, his complaint does not request, as a form of relief, his release from imprisonment.  See (Doc. No. 1).  Instead, it appears to request only that he be awarded monetary damages "for any extra days" of imprisonment following October 22, 2023, and that his criminal docket (i.e., CP-22-CR-0005260-2019) be closed.  (Id. at 12.)

However, to the extent that Plaintiff's complaint could be liberally construed as requesting his release from imprisonment, the Court notes that such a request is now moot.  See Powell v. McCormack, 395 U.S. 486, 496 (1969) (providing that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (citation omitted)); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir.

5

1996) (stating that, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot" (citations omitted)).

The Court further notes that, even if such a request for release from imprisonment were not moot, Plaintiff would be required to bring such a request for relief pursuant to a petition for a writ of habeas corpus (after exhausting state remedies), and not a civil complaint, as he did here. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (providing that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). As such, any request for Plaintiff's release from imprisonment, to the extent that he seeks such relief in his complaint, will be denied.

### B.  Plaintiff's Eighth Amendment Claim Under Section 1983

As set forth above, the Court construes Plaintiff's pro se complaint as being filed pursuant to Section 1983. (Doc. No. 1.) That statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any

new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

Here, the alleged violation is of the Eighth Amendment to the United States Constitution. The Eighth Amendment is "made applicable to the States through the Fourteenth Amendment," and it "prohibits the infliction of 'cruel and unusual punishments.'" See Glossip v. Gross, 576 U.S. 863, 876 (2015). "An inmate's detention after his term of imprisonment can, under certain circumstances, constitute cruel and unusual punishment, in violation of the Eighth Amendment." Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017) (citing Montanez v. Thompson, 603 F.3d 243, 250 (3d Cir. 2010)). As explained by the Third Circuit, "[c]ontinued incarceration beyond that point is clearly punitive, and in many cases will serve no penological justification at all." See id. (citing Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989)).

However, "[t]he administration of a system of punishment entails an unavoidable risk of error[.]" See id. (citation and internal quotation marks omitted). In many instances, eliminating that "risk of error . . . would be either literally impossible or unfeasible because prohibitively costly." See id. (citation and internal quotation marks omitted). As a result, "[t]he Eighth Amendment does not, and could not, require the elimination of all such risk of error." See id. (citation and internal quotation marks omitted); see also Sample, 885 F.2d at 1108 (explaining that "unforeseeable accidents or inadvertent mistakes[,]" which may occur during imprisonment, "are a necessary cost of any prison system" and, thus, "are not 'repugnant to the conscience of mankind'" (quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976))).

Accordingly, in order for a plaintiff to establish an Eighth Amendment claim for "over-detention," he must satisfy a three-(3) pronged test: "(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be,

inflicted;" (2) the prison official "either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight;" and (3) there is "a causal connection between the [prison] officials response to the problem and the unjustified detention." See Wharton, 854 F.3d at 241 (citation, internal quotation marks, and footnote omitted); see also Sample, 885 F.2d at 1110 (holding "that there can be no [E]ighth [A]mendment liability in this context in the absence of a showing of deliberate indifference on the part of the defendant [as] to whether the plaintiff suffer[ed] an unjustified deprivation of his liberty").[2]

### 1. Personal Involvement in a Section 1983 Action

In his complaint, Plaintiff has named the following individuals as Defendants: the acting clerk of court at the Court of Common Pleas of Dauphin County, Pennsylvania; and three (3) records specialists at various DOC institutions, two (2) of whom are unidentified. (Doc. No. 1 at 2–3.) As a threshold matter, it is necessary to determine whether these individuals were personally involved in the alleged constitutional violation (i.e., Plaintiff's over-detention), such

---

[2] In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See id. at 486–87. From what the Court can discern, Plaintiff's complaint does not dispute the validity of his criminal conviction or his corresponding sentence. Rather, his complaint alleges that his detention was in excess, or beyond, his maximum term of imprisonment. As a result, Plaintiff's claim does not appear to implicate Heck. See, e.g., Garrett v. United States, 771 F. App'x 139, 141 n.2 (3d Cir. 2019) (unpublished) (referencing Heck and noting a difference between (1) claiming that a plaintiff was confined pursuant to an erroneous sentence and (2) claiming that a plaintiff was detained, after his term of imprisonment ended, due to the deliberate indifference of prison officials).

that the Court can find that Plaintiff's complaint has plausibly stated an Eighth Amendment claim under Section 1983.

In a Section 1983 action, a plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim, a plaintiff may not rely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Here, the Court finds that there is a complete absence of allegations in Plaintiff's complaint that would give rise to a plausible inference that Defendants were personally involved in any asserted deprivation of Plaintiff's Eighth Amendment rights. While Defendants have been named in the caption of his complaint (Doc. No. 1 at 1) and have also been listed as Defendants in the "ADDRESSES AND INFORMATION" section of his complaint (id. at 2–3), they have not been mentioned anywhere else in the body of his complaint. Without such allegations of personal involvement, the Court concludes that Plaintiff's complaint fails to plausibly state an Eighth Amendment claim under Section 1983.

### 2. Rule 8 of the Federal Rules of Civil Procedure

Rule 8 governs the general rules of pleading, and it requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson, 551 U.S. at 93. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with its facts." Fowler, 578 F.3d at 211 (citation and internal quotation marks omitted). Under the pleading standard of Rule 8, "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

Here, although Plaintiff's complaint discusses alleged wrongdoing (i.e., his over-detention), it does not allege the elements of this Eighth Amendment claim (i.e., the three (3)-pronged test discussed above) as to any of the Defendants. In addition, although Plaintiff's complaint names specific individuals as Defendants, it does not set forth the harm that each individual allegedly caused him or when, where, and how each individual's conduct caused him such harm. Thus, because Plaintiff's complaint does not provide fair notice of the grounds upon which his claim rests, the Court concludes that his complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (stating that, "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citations and internal quotation marks omitted)); Evancho, 423 F.3d at 353 (explaining that, under Rule 8, "a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible" (citation omitted)); Hill v. Thomas, No. 3:13-cv-00174, 2016 WL 1245552, at *3–4 (M.D. Pa. Mar. 23,

10

2016) (concluding that the plaintiff's amended complaint failed to satisfy the requirements of Rule 8 where there were no details concerning dates, times, places, or individuals involved).[3]

### C.  Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[3] The Court notes that, with respect to Defendants Sites and Wilson, Plaintiff has included relevant documentation within his complaint, which suggests that he wrote to these two (2) Defendants and/or requested that time credit be applied to his criminal docket, i.e., CP-22-CR-0005260-2019. (Doc. No. 1 at 9–10, 11.) While Plaintiff has included, without reference to, such documentation within his complaint, he has not set forth any factual allegations concerning these two (2) Defendants in the body of his complaint. Plaintiff may not rely solely upon such documentation to state a claim. See, e.g., In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 251 (3d Cir. 2012) (explaining that "[p]laintiffs cannot be permitted to incorporate an endless series of external documents into a complaint simply 'by reference' to them, as this would lead to an impossible task for defendants in filing their answers, and for courts in reviewing the sufficiency of complaints"); DiGenova v. Unite Here Local 274, 673 F. App'x 258, 260 (3d Cir. 2016) (unpublished) (explaining that "[t]he documents that [plaintiff] submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and [plaintiff's] allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)"); Binsack v. Lackawanna County Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (unpublished) (stating that the plaintiff's "exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a)").

amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies identified above. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the complaint or any other document already filed. The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Plaintiff's complaint. (Doc. No. 1.) In addition, the Court will grant Plaintiff leave to file an amended complaint. An appropriate Order follows.

      s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania